UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DOUGLAS EARL SMITH, ) | |
| ) | |
| Plaintiff, ) | Case No. 5:05-cv-57 |
| ) | |
| v. ) | Honorable Gordon J. Quist |
| ) | |
| MARIANNE SAMPER et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

## **OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has been ordered to pay the initial partial filing fee when funds become available. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996) ("PLRA"), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

**Discussion**

I.  Factual Allegations

Plaintiff Douglas Earl Smith presently is incarcerated with the Michigan Department of Corrections and housed at the Pugsley Correctional Facility. He sues Marianne Samper and James Atterberry, two members of the Michigan Parole Board.

Plaintiff currently is serving a term of five to fifteen years, imposed by the Branch County Circuit Court on June 25, 1999, after Petitioner entered a plea of nolo contendere to one count of second-degree criminal sexual conduct, in violation of MICH. COMP. LAWS § 750.521c(1)(b). According to the allegations of the complaint, on August 31, 2004, Defendant Samper conducted a parole interview with Plaintiff. Plaintiff alleges that, during the course of the interview, he accepted full responsibility for his offense and he expressed considerable contrition for his acts and sympathy for the victim. On December 7, 2004, Plaintiff received a "Parole Notice of Decision" form reflecting a parole decision issued November 29, 2004, denying his parole and continuing reconsideration for parole until July 1, 2006.

Plaintiff asserts that the notice-of-decision form contains false information, specifically noting that Plaintiff shows an "established pattern of behavior" and that the "crime involved violence." Plaintiff asserts that the statements falsely suggest that his crime involved multiple victims, rather that a single victim. In addition, Plaintiff asserts that Defendants' actions in denying him parole and in continuing his next parole date for eighteen months violated MICH. COMP. LAWS § 24.207(7)(k) and ADMIN. R. 791.7710(2)(c). He therefore argues that he has been denied his right to due process under the Fifth and Fourteenth Amendments. He further contends that, where Plaintiff has served his minimum term of imprisonment and has demonstrated exemplary

prison behavior, Defendants' conduct violates his Eighth Amendment right to be free of cruel and unusual punishment. Finally, he asserts that Defendants Samper and Atterberry conspired to violate his constitutional rights, in violation of 42 U.S.C. § 1985.

For relief, Plaintiff seeks declaratory and injunctive relief requiring Defendants to follow the law under MICH. COMP. LAWS § 24.207(7)(k) and ADMIN. R. 791.7710(2)(c) and to prohibit Defendants from relying on the false information that there existed multiple victims.

II.     Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

**A.     Due Process**

Plaintiff contends that he was denied his right to due process by the parole board's failure to comply with state parole procedures and continuation of his next parole eligibility date for eighteen months. Plaintiff has no liberty interest in being released on parole. There is no constitutional or inherent right to be conditionally released before the expiration of a prison sentence. *Greenholtz v. Inmates of Neb. Penal and Corr. Complex*, 442 U.S. 1, 7 (1979). Although a state may

establish a parole system, it has no duty to do so, and thus, the presence of a parole system by itself does not give rise to a constitutionally-protected liberty interest in parole release. *Id.* at 7; *Board of Pardons v. Allen*, 482 U.S. 369, 373 (1987). Rather, a liberty interest is present only if state law entitles an inmate to release on parole. *Inmates of Orient Corr. Inst. v. Ohio State Adult Parole Auth.*, 929 F.2d 233, 235 (6th Cir. 1991).

In *Sweeton v. Brown*, 27 F.3d 1162, 1164-65 (6th Cir. 1994) (en banc), the Sixth Circuit, noting "the broad powers of the Michigan procedural authorities to deny parole," held that the Michigan system does not create a liberty interest in parole. Subsequent to its 1995 decision, the Sixth Circuit has recognized the continuing validity of *Sweeton* and has continued to find that Michigan's Parole scheme creates no liberty interest in being released on parole. *See Ward v. Stegall*, No. 03-1804, 2004 WL 614581 (6th Cir. Mar. 24, 2004); *Martin v. Ohio Adult Parole Auth.*, No. 03-3642, 2003 WL 22976604, at *1 (6th Cir. Dec. 8, 2003); *Bullock v. McGinnis*, No. 00-1591, 2001 WL 180978, at *2 (6th Cir. Feb. 14, 2001); *Turnboe v. Stegall*, No. 00-1182, 2000 WL 1679478, at *1 (6th Cir. Nov. 1, 2000); *Hawkins v. Abramajtys*, No. 99-1995, 2000 WL 1434695, at *2 (6th Cir. Sept. 19, 2000); *Irvin v. Michigan Parole Bd.*, No. 99-1817, 2000 WL 800029, at *2 (6th Cir. June 14, 2000); *Clifton v. Gach*, No. 98-2239, 1999 WL 1253069, at *1 (6th Cir. Dec. 17, 1999). Also, in unpublished decisions, the Sixth Circuit has held that particular parts of Michigan's statutory parole scheme do not create a liberty interest in parole. *See Fifer v. Michigan Dep't of Corr.*, No. 96-2322, 1997 WL 681518, at *1 (6th Cir. Oct. 30, 1997); *Moran v. McGinnis*, No. 95-1330, 1996 WL 304344, at *2 (6th Cir. June 5, 1996); *Leaphart v. Gach*, No. 95-1639, 1995 WL 734480, at *2 (6th Cir. Dec. 11, 1995); *Vertin v. Gabry*, No. 94-2267, 1995 WL 613692, at *1 (6th Cir. Oct. 18, 1995); *Neff v. Johnson*, No. 92-1818, 1993 WL 11880, at *1 (6th Cir. Jan. 21, 1993);

*Janiskee v. Michigan Dep't of Corr.*, No. 91-1103, 1991 WL 76181, at *1 (6th Cir. May 9, 1991); *Haynes v. Hudson*, No. 89-2006, 1990 WL 41025, at *1 (6th Cir. April 10, 1990). Finally, the Michigan Supreme Court has recognized that there is no liberty interest in parole under the Michigan system. *Glover v. Michigan Parole Bd.* 596 N.W.2d 598, 603-04 (Mich. 1999). Until Plaintiff has served his fifteen -year maximum sentence, he has no reasonable expectation of liberty. In the absence of a liberty interest, even an allegation of arbitrary or capricious denial of release on parole states no federal claim. *See Haynes*, 1990 WL 41025, at *1. Because Plaintiff has no liberty interest at stake, he fails to state a claim for a violation of his procedural due process rights. *See Sweeton*, 27 F.3d at 1164-65.

A related issue is Plaintiff's claim that the parole board relied on false information in his parole file, which suggested that he had multiple victims. Plaintiff fails to state a claim. Assuming that the parole board did rely on false information,[1] Plaintiff's claim does not present any constitutional violation. *See Pukyrys v. Olson*, No. 95-1778, 1996 WL 636140, at *1 (6th Cir. Oct. 30, 1996) (no constitutional violation by having false information placed in a prison file); *Carson v. Little*, No. 88-1505, 1989 WL 40171, at *1 (6th Cir. Apr. 18, 1989) (inaccurate information in an inmate's file does not amount to a constitutional violation). Because Plaintiff has no liberty interest in being paroled, he cannot show that the false information was relied upon to a constitutionally-significant degree. *See Maiden v. Johnson*, No. 98-1479, 1999 WL 507207, at *1 (6th Cir. June 10, 1999); *Draughn v. Green*, No. 97-1263, 1999 WL 164915, at *2 (6th Cir.

---

[1]As a factual matter, the assumption is questionable. Nothing in the Parole Board's Notice of Decision suggests that multiple victims were involved, only that the offense was part of an established pattern, arguably with the same victim.

March 12, 1999); *Perotti v. Marshall*, No. 85-3776, 1986 WL 16695 (6th Cir. Mar. 14, 1986). Therefore, Plaintiff fails to state a claim for a violation of his due process rights.

Arguably, Plaintiff also suggests that, regardless of the existence of any liberty interest protected by procedural due process, he has been denied substantive due process by the arbitrary actions of the Parole Board in refusing to follow state law. To the extent that Plaintiff argues a violation of state law, such a claim is not cognizable in a federal habeas corpus action. A federal court may not issue a writ of habeas corpus "on the basis of a perceived error of state law." *Pulley v. Harris*, 465 U.S. 37, 41(1984); *Smith v. Sowders*, 848 F.2d 735, 738 (6th Cir.1988).

To the extent that Plaintiff presents a federal constitutional claim, his claim is without merit. Although substantive due process protects inmates from arbitrary denials of parole based on impermissible criteria such as race or political beliefs, or frivolous factors, such as eye color, even where a prisoner may not have a protected liberty interest, *see Block v. Potter*, 631 F.2d 233, 236 n. 2 (3d Cir. 1980), Plaintiff does not present any such allegations here. *See Mayrides v. Chaudhry*, No. 01-3369, 2002 WL 1359366, at *2 (6th Cir. June 20, 2002) (considering substantive due process claim in context of parole). In order to demonstrate constitutionally arbitrary conduct prohibited by substantive due process, Plaintiff must show that the Defendants' conduct shocks the conscience and constitutes an "egregious abuse of governmental power." *See id.* at *2 (citing *Cale v. Johnson*, 861 F.2d 943, 950 (6th Cir. 1988), *overruled on other grounds by Thaddeus-X v. Blatter*, 175 F.3d 378 (6th Cir. 1999)). Clearly, in this case, it cannot be said that Defendants' actions in declining to release Plaintiff after his first parole hearing shocks the conscience or constitutes an "egregious abuse of governmental power." *Id.* at 950. Plaintiff pleaded *nolo contendere* to second-degree criminal sexual conduct involving a minor child. He does not dispute the remarks contained in the

notice of decision reflecting that, in committing his crime, he violated a position of trust or authority and that his victim was a family member or acquaintance. In concluding that Plaintiff continues to represent a risk to society if released, the Parole Board cannot reasonably be considered to have committed an egregious abuse of governmental power. Consequently, Plaintiff has failed to assert a constitutional claim cognizable in a federal habeas proceeding.

### B.   Eighth Amendment

The Eighth Amendment to the United States Constitution, applicable to the states through the Due Process Clause of the Fourteenth Amendment, protects against cruel and unusual punishments. *See* U.S. CONST., amend. VIII; *Harmelin v. Michigan*, 501 U.S. 957, 962 (1991). The Eighth Amendment, however, does not require strict proportionality between a crime and its punishment. *Harmelin*, 501 U.S. at 965; *United States v. Marks*, 209 F.3d 577, 583 (6th Cir. 2000). "Consequently, only an extreme disparity between crime and sentence offends the Eighth Amendment." *Marks*, 209 F.3d at 583. A sentence that falls within the maximum penalty authorized by statute "generally does not constitute 'cruel and unusual punishment.'" *Austin v. Jackson*, 213 F.3d 298, 302 (6th Cir.2000) (quoting *United States v. Organek*, 65 F.3d 60, 62 (6th Cir. 1995)).

In the instant case, the Court notes at the outset that the Eighth Amendment claim is factually baseless. The parole board did not issue a sentence. Rather, the Defendants merely declined to extend parole to Plaintiff at his first eligibility date. *See Preston v. Hughes*, No. 97-6507, 1999 WL 107970, *2 (6th Cir. Feb. 10, 1999). Moreover, assuming Defendants' decision may be considered the imposition of punishment, Plaintiff's sentence falls within the maximum

allowed by statute. Therefore, Plaintiff's sentence does not run afoul of the Eighth Amendment's ban of cruel and unusual punishment. *Austin*, 213 F.3d at 302.

## Conclusion

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action fails to state a claim and will therefore be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $255 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $255 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated:  May 4, 2005                                              /s/ Gordon J. Quist
                                                                GORDON J. QUIST
                                                        UNITED STATES DISTRICT JUDGE